### THE TRANSFER NO. 10.

(Circuit Court of Appeals, Second Circuit. January 9, 1911.)

#### No. 133.

Collision (§ 39*)—Steam Vessels Crossing—Fault.

A collision at night in New York Bay between a ferryboat and tug on crossing courses *held* on the evidence to have been due to the fault of the ferryboat in changing her course.

[Ed. Note.—For other cases, see Collision, Cent. Dig. § 39; Dec. Dig. § 39.*]

Appeal from the District Court of the United States for the Southern District of New York.

Suit in admiralty by Charles W. Davis, as owner of the ferryboat Irene Elaine Davis, against the steam tug Transfer No. 10; the New York, New Haven & Hartford Railroad Company, claimant. Decree for claimant, and libelant appeals. Affirmed.

Carpenter & Park (Samuel Park, of counsel), for appellant.
James T. Kilbreth, for appellee.

Before LACOMBE, WARD, and NOYES, Circuit Judges.

WARD, Circuit Judge. November 28, 1908, at about 5 p. m., the ferryboat Davis, bound from Governor's Island to the government landing at the Battery, came into collision with Transfer No. 10, bound from Greenville, N. J., to pier 5, East River, when about halfway between the island and the Battery. The Transfer struck the Davis a right-angled blow about amidships on the port side. The collision was clearly due to the gross negligence of one of the vessels. Those on the Transfer say that the Davis, while on a course showing her green light, suddenly ported right across their bows. Those on the Davis say that she, being on a course about north, exchanged a signal of one whistle with the Transfer, which was on an easterly course, and that the Transfer came ahead with unabated speed and without any change in her course, and struck the Davis on her port side head on.

The maneuver attributed by the Transfer to the Davis is so unlikely that, in view of the fact that it was not mentioned by the master of the Transfer in his report to the steamboat inspectors, made the day after the collision, we should reject it, but for the considerations now to be mentioned. The libel of the Davis alleges that, just before the collision, "there was a tug with two floats, one on each side of the tug, passing from the North River into the East River upon the starboard bow of the Davis, two or three lengths away." Both sides agree that the Davis maintained her speed and passed after the collision close under the stern of this tow. This affords a reason why she might have starboarded, viz., to go under the stern of the tow. That she did starboard, so as to shut out her green light from the tug Interstate, which was coming down the East River with the Davis a little on her port bow, is testified to by two disinterested witnesses—the master and the deckhand of that tug.

The decree of the District Court is affirmed, with costs.